**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:08-CV-39-3-MU**

| | |
|---|---|
| **ALISA M. SMITH,**                 ) | |
|                ) | |
| **Petitioner,**        ) | |
|                ) | |
|         **v.**             ) | **O R D E R** |
|                ) | |
| **LYNN SANDERS,**          ) | |
|                ) | |
| **Respondent,**       ) | |
|                ) | |

**THIS MATTER** comes before the court upon Petitioner's Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, Petitioner's Notice of Appeal, Petitioner's Request for a

Certificate of Appealability, and Petitioner's Objections to the Recommendation of the U.S.

Magistrate Judge (Doc. No. 1), filed May 19, 2008.[1]

**I. FACTUAL AND PROCEDURAL BACKGROUND**

A review of the Petitioner's Petition reveals that Petitioner pled guilty to moving across

county lines without permission, associating with drug users/dealers, being in arrears in monies

owed and failing two drug tests.  Petitioner was convicted and sentenced to two (2) consecutive

eight to ten (8-10) month sentences on August 1, 2007.  Petitioner did not file an appeal.

However, Petitioner filed a Motion for Appropriate Relief ("MAR") with the Wilkes County

---

[1]The Court notes that Petitioner's Notice of Appeal, Request for Certificate of
Appealability, Objections to the Recommendation of the U.S. Magistrate Judge are not
appropriately filed in this case.  The Court will only address Petitioner's motion under 28 U.S.C.
§ 2254.

Superior Court on February 20, 2008.  The Superior Court denied and dismissed Petitioner's

MAR on May 8, 2008.  Petitioner did not appeal the denial of her MAR to the highest state court

having jurisdiction.[2]  Instead, on May 14, 2008, Petitioner filed the instant habeas petition.

## II. ANALYSIS

Absent a valid excuse, a state prisoner must exhaust her remedies in state court before

seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b).  Comity dictates that when a

prisoner alleges that his confinement for a state court conviction violates federal law, the state

courts should have the first opportunity to review the claim and provide any necessary relief.

Rose v. Lundy, 455 U.S. 509, 515-516 (1982).  The petitioner bears the burden of proving

exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d

907, 911 (4th Cir. 1997).  A petitioner may satisfy the exhaustion requirement by fairly presenting

her claims in state court.  To satisfy the fair presentation requirement, "the state prisoner must

give the state courts and opportunity to act on [her] claims before [she] presents those claims to a

federal court in habeas corpus petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  The

fair presentation requirement has two components: (1) presentation of the same claim, and (2)

presentation to all appropriate courts. Id. at 844.  "Because the exhaustion doctrine is designed to

give the state courts a full and fair opportunity to resolve federal constitutional claims before

those claims are presented to the federal courts, . . .state prisoners must give the state courts one

full opportunity to resolve any constitutional issues by invoking one complete round of the state's

---

[2]Petitioner contends that she did not appeal the denial of her MAR because "[she] did not know [she] had the choice to appeal [and] [her] attorney did not advise [her] on this." (Motion at 5).  The Court notes that there is no right to counsel in state post conviction.  See Murray v. Giarratano, 492 U.S. 1 (1989); Penn v. Finley, 481 U.S. 551 (1987);. MacCall v. Angeline, 131 F.3d 442 (4th Cir. 1997).

established appellate review process." Id. at 845.

Petitioner did not avail herself of the direct appeal procedure following her conviction, but instead filed and MAR as part of her collateral attack. In order to fairly present her claims to the state court when a Petitioner does not directly appeal but only files and MAR, Petitioner must have filed a petition for a writ of certiorari in the North Carolina Court of Appeals. Petitioner did not do so. In short, Petitioner has not given the state court a full opportunity to review her claims. Therefore, her claims are not exhausted and her petition is dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED.**

**SO ORDERED**.

Signed: May 22, 2008

Graham C. Mullen
United States District Judge